UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:09-cr-568-VMC-AEP

GEDDES WILLIS

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Geddes Willis's pro se Motion to Reduce or Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582 (Doc. # 203). The government responded in opposition on March 19, 2021. (Doc. # 205). For the reasons that follow, the Motion is denied.

**I.  Background**

In 2019, Willis pled guilty to one count of possession with intent to distribute and distribution of heroin. United States v. Stephens et al., 8:18-cr-572-SDM-AEP (Doc. ## 95, 270, 306). The Court in that case imposed a sentence of 90 months' imprisonment. Stephens, 8:18-cr-572-SDM-AEP (Doc. # 575). That crime violated the terms of supervised release in the present case, and on July 31, 2019, Willis admitted to violating the terms of his supervised release by engaging in new criminal conduct. (Doc. # 201). This Court sentenced

Willis to 60 months' imprisonment, to run consecutively with the 90-month sentence imposed in Stevens, 8:18-cr-572-SDM-AEP. (Id.; Doc. # 205). According to the Bureau of Prisons' (BOP) website, Willis is forty-eight years old and his projected release date is August 28, 2031.

Willis now seeks compassionate release from prison due to the COVID-19 pandemic and his various health issues. (Doc. # 203). The government responded in opposition (Doc. # 205) and the Motion is ripe for review.

## II. Discussion

In his Motion, Willis explains that he suffers from high blood pressure, diabetes, and a heart problem, which place him at a higher risk of serious illness if he contracts COVID-19. (Doc. # 203 at 2). Willis also asserts that the BOP is not adequately equipped or prepared to manage the COVID-19 pandemic. (Id.). According to Willis, he is in an "at risk category," such that his situation is "extraordinary and compelling" enough to warrant release. (Id. at 7).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010);

see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. Willis requests a reduction in sentence under Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

However, Section 3582(c) only empowers the Court to grant a reduction in sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (explaining that the First Step Act of 2018 "does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief").

Here, Willis asserts that he has exhausted all administrative remedies because he "submitted a petition to warden, which was denied." (Doc. # 203 at 6). However, as the government points out, Willis does not attach any records establishing that he made such a request. (Doc. # 205 at 4). The only document Willis attaches is an "informal resolution form" dated February 8, 2021, in which Willis claimed that he "hadn't received [his] meds for [his] diabetes and [his] blood pressure, heart as well." (Doc. # 203-1). This complaint was resolved with the note: "Your prescriptions were filled on 2-3-2021. You are pending follow up with medical provider where you can discuss any additional concerns." (Id. at 3).

This fails to satisfy the administrative exhaustion requirement laid out in 18 U.S.C. § 3582(c)(1)(A). Willis has not shown that he submitted a request for compassionate release to the warden, much less that he appealed that request through the requisite BOP administrative process, as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Motion is due to be denied for failure to exhaust all administrative remedies. See United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("[Section

4

3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies").

Even if the informal resolution form could be construed as a request to the warden that lapsed, the Court agrees with the government that the Motion fails on the merits. The Sentencing Commission has set forth several illustrative examples of "extraordinary and compelling reasons" that could qualify an inmate for compassionate release. These include, but are not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Willis bears the burden of establishing that compassionate release is warranted in his situation. United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

Willis argues that his medical conditions (namely diabetes, high blood pressure, and a heart problem), leave him more vulnerable to the COVID-19 pandemic. However, the mere presence of COVID-19 at Willis's facility is not an

5

extraordinary and compelling reason warranting release. The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Nor is there evidence that Willis's medical conditions "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and chronic obstructive pulmonary disease, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison).

Indeed, in his Motion Willis lists the various

6

medications he is taking to control his conditions, and his attachment confirms that the BOP is fulfilling these prescriptions. (Doc. # 203 at 2; Doc. # 203-1 at 3). The Court therefore finds that Willis's medical conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019) (denying compassionate release where a prisoner's medical records indicated his "many conditions [were] being controlled with medication").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Geddes Willis's pro se Motion to Reduce or Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582 (Doc. # 203) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of April, 2021.

*[signature: Virginia M. Hernandez Covington]*

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE